■ In the Matter of the Claim of ANTHONY ROGALA, Respondent, v. JOHN DEERE PLOW Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from decisions of the Workmen's Compensation Board, filed July 21, 1967, October 24, 1967 and March 27, 1968, which affirmed and

reaffirmed the Referee's award of compensation benefits to claimant for permanent total disability found to be due to causally related silicotuberculosis, an occupational disease. Claimant worked in the mill room of the John Deere Plow Co. foundry at Syracuse for 36 years during which time he was exposed to sizeable amounts of sand and iron dust, the employment ceasing in or about 1954 when the employer moved its plant from said locale. There was testimony that claimant first experienced trouble with his lungs in September, 1965, whereupon he was examined by different physicians. A specialist in chest diseases found claimant to be suffering from advanced silicotuberculosis, considered him totally disabled and recommended treatment in a sanitarium. A State expert chest consultant diagnosed far advanced active silocotuberculosis, silicosis tending to be progressive, causally related to claimant's occupation and producing total and permanent disability, which required careful medical supervision for many years with recommended treatment in a sanitarium. Appellants do not dispute that claimant developed active silicotuberculosis as a result of said exposure which eventually caused his total disability, but they now urge that he is not entitled to benefits since his total disability occurred several years after voluntary retirement from Deere's employment. In respect to occupational diseases, disability means the state of being disabled from earning full wages at the work at which the employee was last employed (Workmen's Compensation Law, § 37). Where disability is due to silicosis or other dust diseases, the employee is entitled to compensation benefits only when the dust disease results in total disability (Workmen's Compensation Law, §§ 3, 39). Under section 44-a of the Workmen's Compensation Law, entitled "Liability of employer; silicosis or other dust diseases", as amended by chapter 613 of the Laws of 1965 and effective July 1, 1965, the employer in whose employment an employee was last exposed to an injurious dust hazard shall be liable for compensation when total disability due to silicosis or other dust disease results at any time from an injurious exposure as defined in section 47 of the Workmen's Compensation Law. It having been established that claimant became totally disabled in September, 1965 due to silicotuberculosis resulting from an injurious exposure to sand and iron dust while working at the employer's foundry, the last such exposure having been in or about 1954 while so employed, and a claim having been filed within 90 days after disablement and after knowledge that said occupational disease was due to the employment, the requirements of section 44-a were fulfilled and claimant is entitled to the award. There has been no proof of facts inconsistent with total disability, such as full time employment during the period covered by the award (cf. *Matter of Veley* v. *Borden Co.*, 13 A D 2d 883). Total disability having been found on substantial evidence, including the recommended sanitarium treatment and careful medical supervision for many years, clearly claimant is " disabled from earning full wages at the work at which * * * [he] was last employed" (cf. *Matter of Graham* v. *Walsh Constr Co.*, 30 A D 2d 996, mot. for lv. to app. den. 23 N Y 2d 643). There being disability under section 37, claimant was more than " disabled" in a medical sense (cf. *Matter of Muniak* v. *ACF Ind.*, 7 A D 2d 258, 260). The mere fact that retirement occurred prior to the disablement is irrelevant, the words " at any time" being inclusive and inserted in the statute for good reason since silicosis, infective silicosis being silicotuberculosis (Dorland's Medical Dictionary [24th ed.], p. 1389), usually requires a long period for its development (80 C. J. S., Silicosis, p. 1300). Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.