457 P.2d 408

**Amos O. FRISBIE, Claimant-Appellant,**

v.

**SUNSHINE MINING COMPANY,**
Defendant-Respondent.

No. 10292.

Supreme Court of Idaho.

July 9, 1969.

Rehearing Denied Aug. 18, 1969.

Cox & Powell, Coeur d'Alene, for appellant.

H. J. Hull & Sons, Wallace, for respondent.

McFADDEN, Chief Justice.

From 1947 until 1954 the claimant-appellant, Amos O. Frisbie, worked for the respondent Sunshine Mining Company as an underground miner. Upon learning in 1954 that the appellant was suffering from grade three silicosis, the respondent transferred him to surface work as boiler tender and watchman. The appellant worked the night shift, working two shifts per week as a watchman and at other times tending the boilers. As watchman, it was his duty to tour the plant at various intervals throughout the night.

On March 11, 1966 the appellant left work due to his severe respiratory problem, which was diagnosed by physicians as silicosis complicated by several related factors. Appellant suffered at least two serious lung collapses and various other medical problems. Following his disability, and prior to his formal retirement in November 1966, the appellant received certain disability benefits pursuant to a group insurance policy maintained by joint contribution of miners and the respondent. After these benefits were exhausted in September 1966, and following a serious lung collapse in December of that year, the appellant attempted to meet with officials of the Sunshine Mining Company in regard to obtaining additional compensation for his disability. It appears from the record that there were several communications between appellant and respondent and at least two meetings were held to discuss appellant's request for compensation. These meetings culminated in an offer of settlement proposed by the company in July 1967. Appellant, however, rejected the offer and finally filed his claim for compensation with the Industrial Accident Board on September 7, 1967.

Medical testimony introduced at the hearing conducted by the board on appellant's claim establishes that the appellant is suffering from silicosis, which is the direct result of his employment with the respondent. Doctors testified that the appellant has great difficulty breathing and also in walking and that for these reasons he is totally disabled and unable to perform his job as night watchman.

On the basis of the testimony and evidence introduced, the board found that appellant was not injuriously exposed to silica dust after he was transferred to the night watchman job and that his last injurious exposure to the dust was prior to June 9, 1954 while he was employed underground as a hard rock miner. The board further found that appellant became totally disabled for any work on March 11, 1966 and that this disability is the direct result of his injurious exposure to silica dust prior to June 1954. These findings of fact are supported by substantial competent, although conflicting, evidence, and consequently are binding on this court on ap-

peal. Woodall v. Idaho Potato Processors, Inc., 91 Idaho 626, 428 P.2d 943 (1967); Davis v. Schmidt Bros., Inc., 92 Idaho 312, 442 P.2d 448 (1968); McBride v. J. R. Simplot Co., 92 Idaho 274, 441 P.2d 723 (1968).

The board denied appellant's claim for compensation on the ground that under I.C. § 72–1209 as it existed in 1954 (S.L. 1939 Ch. 161, § 2, p. 290), disability in silicosis cases was compensable only if disability followed within two years of the claimant's last injurious exposure to silica dust. The board reasoned that since the last injurious exposure in the present case occurred in June 1954, the appellant's claim for compensation became barred when disability did not occur before June 1956. The appellant argued that under I.C. § 72–1209 as it existed at the time of his disability in 1966 (S.L.1965 Ch. 152, § 3, p. 294),[1] his claim is compensable because the two year limitation contained in the earlier law had been deleted, and no limitation between the time of last injurious exposure and disability was imposed. The board held, however, that appellant's claim for compensation was governed by the law in effect at the time of the last injurious exposure and that to apply I.C. § 72–1209 as amended in 1965 (S.L.1965, Ch. 152, § 3, p. 294) would be to give the 1965 amendment retroactive effect in violation of Idaho Const. Art. 1, § 13, and Art. 11, § 12. Following this determination appellant appealed to this court.

■ Appellant's first assignment of error is that the board exceeded its jurisdiction in ruling upon the constitutionality of applying I.C. § 72–1209 (S.L.1965, Ch. 152, § 3, p. 294). Relying upon Wanke v. Ziebarth Constr. Co., 69 Idaho 64, 202 P.2d 384 (1949), the appellant argues that the board has no power to rule upon the constitutionality of a law and consequently should have applied I.C. § 72–1209, as amended, to the present case, leaving the issue of the constitutionality of such application to the courts on appeal. Although Wanke v. Ziebarth Constr. Co., supra, supports appellant's position, it is our opinion that appellant has misinterpreted the action of the board in the present case. The board did not rule upon the constitutionality of the statute; rather, the board only decided that appellant's claim could be sustained only by giving retroactive effect to the 1965 amendment of I.C. § 72–1209. The board held that the statute was not retroactive, and merely pointed out that to construe it otherwise would render it unconstitutional. The decision was not based upon the constitutionality of the statute, but rather upon the inapplicability of the statute to appellant's case, and consequently Wanke v. Ziebarth Constr. Co., supra, is inapposite.

Appellant also assigns as error, however, the board's determination that S.L.1965, Ch. 152, § 3, p. 294 is inapplicable to his claim and that to apply it would involve a retroactive application of the amendment. The appellant contends that his cause of action did not accrue until the time of his disability and consequently the law in effect at that time governs the rights of the parties. He argues that since his disability

---

1. 72–1209—.LIMITATIONS—.An employer shall not be liable for any compensation for an occupational disease unless such disease shall be due to the nature of an employment in which the hazards of such disease actually exist, are characteristic of, and peculiar to the trade, occupation, process, or employment, and is actually incurred in his employment and, *except in silicosis cases,* unless disablement or death results within ~~two years in case of silicosis, or~~ one year ~~in case of any other occupational disease~~, after the last injurious exposure to such disease in such employment, or, in case of death, unless death follows continuous disability from such disease, commencing within the period above limited, for which compensation has been paid or awarded or claim made as provided in this chapter, and results within two years after such last exposure.

An employer shall not be liable for any compensation for a non-acute occupational disease unless such claimant was exposed to the hazard of such disease for a period of sixty days for the same employer.

occurred after the effective date of the 1965 amendment, the amendment is the law applicable to his case and is not retroactive.

The respondent, on the other hand, relies heavily upon I.C. § 72–1206 which provides that

"Law not retroactive.—The provisions of this chapter [Ch. 12, Title 72, I.C.] shall apply only to cases of occupational disease in which the last injurious exposure in an occupation subject to the hazards of such disease occurred on or after the date on which this chapter shall have taken effect."

The respondent argues that this provision limits application of the Occupational Disease Compensation Law, and of necessity also application of any amendments to the law, to cases in which the injurious exposure to the disease occurred after the effective date of the law or amendment.

■ It is our opinion that appellant's contention is correct. A law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; rather, a law is retroactive only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage. 2 Sutherland, Statutory Construction, § 2202, p. 117 (3d ed. 1943); 82 C.J.S. Statutes § 412, p. 980. In cases such as the present, the right to compensation does not accrue and the rights of the parties do not become fixed until the occurrence of the event, in this case appellant's disability, which gives rise to a cause of action. Peterson v. Federal Mining & Smelting Co., 67 Idaho 111, 170 P.2d 611 (1946); Silver King Coalition Mines Co. v. Industrial Commission, 2 Utah 2d 1, 268 P.2d 689 (1954); Belanowitz v. Travelers Ins. Co., 123 N.J.S. 574, 10 A.2d 178 (1940); King v. St. Louis

Steel Casting Co., 353 Mo. 400, 182 S.W. 2d 560 (1944). Consequently, application of the law in effect at the time the disability occurred to a claim arising from that disability does not involve a retroactive application of the law.

■ This court was faced with a similar question in Peterson v. Federal Mining & Smelting Co., supra, in which the claimant sought compensation for the death of her husband, contending that the rate of compensation should be computed under a 1945 amendment to I.C.A. 43–2119. The employer argued that although the decedent died after passage of the amendment (S.L.1945, Ch. 138), to apply the amendment would involve a retroactive application of law in violation of the state constitution. The board, however, rejected the argument, and this court affirmed, stating that because Mrs. Peterson's claim did not arise until the death of her husband, the amended law was the law applicable to the case and was not retroactive. It is our opinion that the same reasoning is applicable to the present case. Since appellant became disabled after the effective date of S.L.1965, Ch. 152, § 3, p. 294 (and prior to its subsequent amendment, S.L. 1967, Ch. 234, § 2), that law applies to his claim and is not retroactive. Our decision in this regard is in accord with authority from other jurisdictions. See Silver King Coalition Mines Co. v. Industrial Commission, supra; Rogala v. John Deere Plow Co., 31 A.D.2d 867, 297 N.Y.S.2d 877 (1969); Silva v. Erie Forge Co., 149 Pa. Super. 251, 27 A.2d 727 (1942); McIntyre v. E. J. Lavino & Co., 344 Pa. 163, 25 A.2d 163 (1942); Hirst v. Chevrolet Muncie Div. of Gen. Motors Corp., 110 Ind. App. 22, 33 N.E.2d 773 (1941); Biglioli v. Durotest Corp., 44 N.J.Super. 93, 129 A.2d 727 (1957).

■ Respondent strenuously argues that I.C. § 72–1206,[2] in providing that the Oc-

___

2. 72–1206. Law not retroactive.—The provisions of this chapter shall apply only to cases of occupational disease in which the last injurious exposure in an occupation subject to the hazards of such disease occurred on or after the date on which this chapter shall have taken effect.

cupational Disease Law applies only to cases in which injurious exposure occurred after the effective date of the act, requires injurious exposure after the effective date of an amendment to the act in order to render the amendment applicable. We find no compelling logic in respondent's argument. If the legislature intended that amendments of the act apply only to cases in which injurious exposure occurred after the date of the amendment it could have so stated in I.C. § 72–1206 itself, or it could, as it has done in the past, provided in the amendment itself that it applies only to those cases in which the injurious exposure occurs after the effective date of the amendment. See S.L.1965, Ch. 152, § 6, p. 295. The legislature having done neither in the present case, it is our opinion especially in light of the general rule that the law in effect at the time of disability governs the case, that I.C. § 72–1206 does not preclude the application of S.L.1965, Ch. 152, § 3, p. 294 to the present case.

Since there is no requirement under S.L.1965 Ch. 152, § 3, p. 294 that disability occur within any particular time following the last injurious exposure to silica dust, it is immaterial that appellant did not become disabled until nearly 12 years after his last injurious exposure; consequently, the board erred in denying his claim on the ground that disability did not occur within two years after June 1954.

The respondent, however, argues that conceding the applicability of S.L.1965 Ch. 152, § 3, p. 294, appellant, nevertheless, is not entitled to compensation because he did not file his claim within one year after his disability, which issue was presented as a defense in respondent's answer. See S.L.1965, Ch. 152, § 13, p. 296. The board found and the record establishes that appellant became wholly disabled to perform any work on March 11, 1966. No claim was filed with the board until September 7, 1967.

It has been held, however, that the various time limitations for giving notice and filing claims under the Workmen's Compensation Law are merely statutes of limitations which may be waived by the action of the employer or surety where such action could have led the claimant to believe that his request for compensation was still under consideration by the employer. Harris v. Bechtel Corp., 74 Idaho 308, 261 P.2d 818 (1953); Lindskog v. Rosebud Mines, Inc., 84 Idaho 160, 369 P.2d 580 (1962). See also Atwood v. State of Idaho Dept. of Agriculture, 80 Idaho 349, 330 P.2d 325 (1958). The record in the present case reveals that prior to the expiration of the one year time period for filing appellant's claim, the appellant and respondent became engaged in consultations and negotiations concerning the claim. It appears that various attempts were made to arrange meetings between appellant and various company officers and finally a settlement offer was made in July 1967. Possibly these negotiations might have led appellant to believe that no final decision on his claim had been made by the company and that it was not yet necessary to file a claim with the Industrial Accident Board. If such were the case, it is our opinion that under the authorities cited above, his claim would not be barred. The record, however, is incomplete regarding the time, nature and extent of the consultations and negotiations, and the board did not make any ultimate finding regarding this issue.

The order of the board is reversed and the cause remanded for determination by the board as to the nature and effect of the negotiations between appellant and respondent, pertaining to the question of waiver.

Costs to appellant.

McQUADE, DONALDSON, SHEPARD, and SPEAR, JJ., concur.