◼ In the Matter of the Claim of LESLIE W. SCHULTZ, Respondent, v L. B. SMITH, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. In the Matter of the Claim of HARRIET M. SCHULTZ, Respondent, v L. B. SMITH, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed

February 24, 1981 and August 19, 1981, which determined that the deceased claimant was totally disabled and that his disability and eventual death were causally related to an occupational disease. The uncontradicted evidence established that claimant was extensively and continuously exposed to asbestos dust in his employment in the service department of the employer from 1946 to 1966. In 1961, he underwent thoracic surgery which included removal of fibrous tissue from his left lung. He resigned employment in September, 1966, but continued to encounter lung complications and in October, 1976, filed a claim for full disability based upon work-related lung disease. He expired in May, 1979, during hospitalization for this condition. Both his treating physician and the board's impartial specialist attributed claimant's disability and ultimate death in major part to asbestosis manifested in interstitial and pleural fibrosis and chronic obstructive airway disease. They supported these conclusions by the foregoing history of exposure to asbestos, the identification by a pathologist of asbestos-like bodies in slides of fibrous lung tissue removed in the 1961 operation, and by subsequent X rays confirming pleural fibrosis. In particular, the treating physician rejected any possibility that claimant's pleural fibrosis could have been caused by heavy cigarette smoking, the alternative disabling causal factor suggested by the employer. Contrary to the employer's contention, claimant's expert in fact testified that he had considered the pathologists' reports of the examinations of lung tissue removed during the 1961 surgery and of tissue removed during the autopsy, and further testified that the reports were not inconsistent with his diagnosis of asbestosis. Concededly, the employer introduced medical testimony to the contrary. However, one of the employer's experts in part based his opinion on a failure to detect significant pleural fibrosis in lung slides from the autopsy, despite findings contained in the autopsy report of the presence of "distinctly fibrotic" tissue and "pleural fibrous adhesions". Moreover, that expert was less than unequivocal in denying detecting the presence of any asbestos bodies in the tissue slides from the autopsy. Thus, the board was merely presented with a conflict in medical opinion which was well within its province to resolve (see *Matter of Currie v Town of Davenport,* 37 NY2d 472, 476; *Matter of Tienken v Dancing Waters,* 86 AD2d 911; *Matter of Stein v New York Times Co.,* 78 AD2d 757). The board found that claimant's date of disablement was October 1, 1976, a finding not now disputed by the employer. The relevant date for determining the law to apply here is the date of disability, not, as the employer contends, the date of exposure (*Matter of Rogala v Deere Plow Co.,* 31 AD2d 867). Therefore, the employer's position that the pre-1974 version of section 39 of the Workers' Compensation Law is applicable must fail, and the board was permitted to make an award based upon an allocation between claimant's work-related and non-work-related disability. The employer's contention that the claim must be denied for lack of timely notice is also unavailing. Claimant's full disability ensued October 1, 1976. The carrier's notice of controversy of the claim states that it or the employer first had knowledge of the alleged injury on November 2, 1976. Thus, notice was received well within the statutory 90-day period (see Workers' Compensation Law, § 45). We have examined the employer's remaining assignments of error and find them equally without merit. Since the board of resolution dated June 16, 1981 rescinded its decision of February 24, 1981, the appeal from the February decision is dismissed as moot. Appeal from decision of the Workers' Compensation Board, filed February 24, 1981, dismissed, as moot, without costs. Decision of the Workers' Compensation Board, filed August 19, 1981, affirmed, with costs to the board. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.