765 P.2d 134

**In the Matter of Kenneth Arlo GREENROD, Deceased.**

**Sherry Carney GREENROD, Claimant–Appellant,**

v.

**Don PARRIS, dba Hilltop Truck Stop and Cafe, Lakeside Marine and Lakeside Car Wash, Employer, and Argonaut–Northwest Insurance Company, Surety, Defendants–Respondents.**

No. 17047.

Supreme Court of Idaho.

Nov. 18, 1988.

Cavaness & Boomer, American Falls, for claimant-appellant. Henry R. Boomer, III, argued.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents. Michael G. McPeek argued.

JOHNSON, Justice.

In this worker's compensation case the surviving spouse of a deceased worker has appealed the Industrial Commission's decision that the worker's death did not arise in the course of employment. We affirm the Commission's decision.

This case involves the death of Kenneth Greenrod. Greenrod worked for Don Parris near American Falls as a boat mechanic. Parris also operated a service station at the same location. On the evening of April 22, 1986, Greenrod drowned in the American

Falls Reservoir while boating with Jason Clinger and Ray Brandt, also employees of Parris. Greenrod's widow filed a worker's compensation claim contending that Greenrod was within the course and scope of his employment at the time of his death.

The Commission's decision included the following findings of fact:

1. Greenrod was primarily assigned work on new boats, but also did minor repairs on the boats of customers.

2. When it was necessary to test a boat in the water, Greenrod and his co-workers would take it to the nearby American Falls Reservoir.

3. Parris allowed his employees to work on their personal vehicles at his shop during their off-duty hours, if their personal work did not interfere with business. Boat mechanics, who were paid by the job rather than by the hour, could work on their personal vehicles at the shop, if they had completed their assigned work.

4. Clinger was a service station attendant for Parris. He took an interest in boats and helped clean up boats when business was slow. In late March of 1986 Clinger brought a jet boat owned by his parents to the shop.

5. Witnesses observed Brandt working on the Clinger boat. No work order was prepared by Parris for work on the boat. The Clingers did not engage Parris to repair their boat. The repair work done on the boat was done pursuant to the policy of allowing employees to repair their own vehicles during their non-work hours.

6. On April 22, 1986, Parris did not assign any work to Greenrod or Brandt. On that evening Greenrod, Brandt, and Jason Clinger took the Clinger boat to the American Falls Reservoir, and all three drowned.

7. It is not clear what was wrong with the Clinger boat. It was intimated that Greenrod and Brandt might have been working on the cable which operated the reverse gate, a mechanism which redirects the flow of water from the engine so that the boat is propelled backward. It is not necessary to test the adjustment of the reverse gate cable by operating the boat in water.

8. Greenrod and Brandt were particularly interested in the Clinger boat.

9. On the whole, the record does not establish that the three were testing the Clinger boat rather than taking a ride for pleasure.

The Commission concluded that at the time of his death Greenrod was not working for Parris but was involved in a personal project. Therefore, the Commission denied worker's compensation benefits to Greenrod's widow.

The standard of review we are to apply in reviewing the decision in this case is clear. If the Commission's findings of fact are supported by substantial competent evidence, even though there may be conflicting evidence, we must affirm. I.C. § 72–732 (1973); Idaho Const. art. 5, § 9. In reviewing the Commission's decision, we must view the facts and all inferences therefrom most favorably to the party who prevailed below. *Matter of Snyder*, 109 Idaho 167, 169, 706 P.2d 56, 58 (1985).

We have fully reviewed the record and find that the Commission's findings are supported by substantial competent evidence. We reject the claimant's contention that the Commission did not adequately consider any relation between the accident and Greenrod's employment and excluded the claim merely because the accident occurred off the employer's premises.

The claimant also contends that the Commission erred in not considering the mutual benefit derived by Parris and Greenrod from Greenrod's activity in working on his and fellow employees' boats on his own time. We consider this to be a false issue, since the Commission found that Greenrod, Brandt, and Jason Clinger were taking the Clinger boat for a pleasure ride rather than testing it at the time of their drowning.

AFFIRMED.

Costs to respondents. No attorney fees on appeal.

SHEPARD, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.

BISTLINE, Justice, specially concurring.

Because I am unable to see any flaws in the Court's opinion which Justice Johnson has authored, I have concurred. The Industrial Commission undoubtedly had a very difficult task before it. In the end it was brought to the conclusion that the three young men were taking a pleasure ride rather than taking the boat out on the reservoir to test it. My own view, having at one time been of that age, is that they very well may have been, and probably were, doing both. It is a known fact, to me at least, that boats and young men go together, or, in other words, young men find pleasure in any boating activity. It would be strange if the three young men did not anticipate running the boat around the reservoir after finishing their work on it. Under the circumstances presented here, which clearly show Don Parris as a generous and benevolent employer who was kind to his youthful employees, I see little substance in the fact that there was not a work order prepared by Parris, especially where he as a business entity had not been engaged to do anything for the boat's owners. Young Clinger apparently was not involved in purloining the boat or even taking it within the purview of the joy-riding statute.

This appeal presents circumstances where with a paucity of evidence, the trier of fact could have held either way. I would not want to have been that trier of fact, and accordingly it would be presumptuous to do other than affirm.