785 P.2d 621

John T. SWENSON, Plaintiff–Respondent,

v.

ESTATE OF Fred W. CRANER, employer, Defendant–Appellant.

No. 17840.

Supreme Court of Idaho.

Jan. 15, 1990.

Robert E. Covington, III, Coeur d'Alene, for defendant-appellant.

Everett D. Hofmeister, Coeur d'Alene, for plaintiff-respondent.

JOHNSON, Justice.

This is a worker's compensation case. The primary issue presented is whether there was substantial competent evidence to support the finding by the Industrial Commission that the conduct of the employer (Craner) and his heirs was sufficient to constitute a waiver by them of the limitation on the time for filing an application for hearing. We conclude that there was substantial competent evidence to support this finding and affirm the Commission's award of compensation, attorney fees and penalty. We also deny any credit against the compensation awarded to Swenson for any excess voluntary payments made to Swenson by Craner. We award attorney fees to Swenson in this appeal.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

In June 1979 Swenson injured his left hand with a trim saw while employed by Craner in a sawmill at Spirit Lake, Idaho. In July 1979 Swenson filed a notice of injury and claim for benefits with the Industrial Commission. Craner was uninsured but paid Swenson his medical costs and eighty percent of his wages until Swenson returned to work in August 1979.

In October 1979 Swenson filed an application for hearing with the Industrial Commission seeking compensation for the injury to his hand. This application was dismissed without prejudice for lack of prosecution in January 1981.

In February 1982 Swenson filed a second application for hearing.

Craner died in June 1984. Sometime after Craner's death, Craner's widow contacted Swenson and made a settlement offer regarding his hand injury. Swenson refused the offer. Sometime later Craner's brother contacted Swenson with another settlement offer, which Swenson again refused.

In November 1984 Swenson moved the Commission for a default against Craner's estate. The Commission denied the motion and scheduled a hearing on Swenson's claim.

On December 3, 1984, the Commission dismissed Swenson's application for a hearing without prejudice for lack of prosecution.

In January 1985 there were communications between Swenson's attorney and Craner's attorney concerning Swenson's claim for compensation due to the injury to his hand.

In February 1985 Swenson filed notice of his claim for compensation in the probate proceeding concerning Craner's estate.

Sometime in 1987 Craner's brother made a third settlement offer to Swenson, which Swenson refused.

In September 1987 Craner's estate moved to dismiss Swenson's claim in the probate of Craner's estate. The probate court ruled that the claim would be dismissed unless it were filed with the Industrial Commission within sixty days.

In November 1987 Swenson filed a third application for hearing with the Commission. Craner's estate moved to dismiss Swenson's claim on the ground that more than five years had elapsed since Swenson's injury or since any payments or medical services were rendered to him in connection with the injury.

In April 1988 the Commission held a hearing in this matter. Following the hearing the Commission found that prior to the expiration of the five-year period for filing an application for hearing, Swenson and Craner and Craner's heirs became engaged in consultations and negotiations concerning Swenson's claim. The Commission also found:

> Possibly these negotiations may have led Claimant to believe that no decision had been made by the Employer and that it was not necessary to file an application

for hearing. Therefore, his claim is not barred.

The Commission then awarded Swenson compensation for permanent partial impairment, together with attorney fees and a statutory penalty due to Craner's failure to carry worker's compensation insurance. Craner's estate appealed.

## II.

THERE WAS SUBSTANTIAL COMPETENT EVIDENCE TO SUPPORT THE FINDING OF THE COMMISSION THAT CRANER'S HEIRS WAIVED THE LIMITATIONS OF I.C. § 72–706.

■ Under I.C. § 72–706 Swenson had only five years from the date of the accident causing his injury within which to make and file with the Commission an application requesting a hearing for further compensation and award. This limitation period would have been waived, if the conduct of Craner's heirs before the expiration of the period within which Swenson was required to request a hearing could have led Swenson to believe that Craner and his estate had not reached a final decision and might ultimately recognize liability for further compensation. *Frisbie v. Sunshine Mining Co.*, 93 Idaho 169, 457 P.2d 408 (1969).

In reaching its decision that Swenson's claim was not barred by I.C. § 72–706 the Commission found that negotiations between Swenson and Craner and Craner's heirs began before the expiration of the five-year period for filing an application for a hearing. We must affirm the Commission's decision, if this finding of fact is supported by substantial competent evidence. I.C. § 72–732 (1989); IDAHO CONST. art. 5, § 9. Here, there is no evidence to support the Commission's finding that the negotiations began before the expiration of the five-year period. However, this does not end our inquiry, since it is apparent that the Commission was focusing on the dismissal of Swenson's second application for hearing on December 3, 1984, rather than on the fifth anniversary of the accident on June 8, 1984. To read the findings otherwise would ignore the context in which the Commission made its ultimate finding that there was a waiver.

Swenson's injury occurred on June 8, 1979. On the fifth anniversary of the injury Swenson's second application for hearing was still pending before the Commission. Craner died on June 18, 1984. The Commission found that sometime after Craner's death his widow contacted Swenson and made a settlement offer regarding his injured hand. It is not clear whether this offer was made before or after Swenson's application was dismissed by the Commission on December 3, 1984. In reviewing the Commission's decision, we must view the facts and all inferences from them most favorably to Swenson. *Greenrod v. Parris*, 115 Idaho 109, 110, 765 P.2d 134, 135 (1988). Following this rule, we conclude that there was substantial competent evidence to sustain a finding that there were negotiations concerning the claim prior to December 3, 1984—the date when Swenson's second application was dismissed. Until that time Swenson had no reason to be concerned about the timeliness of his application for a hearing.

The question then becomes whether Swenson could have been led to believe that no final decision of his claim had been made by Craner's estate and that it was not necessary for him to preserve his right to a hearing by appealing the dismissal of his second application for hearing or by requesting that the Commission reconsider the dismissal. In *Frisbie* this Court noted that the record revealed that before the expiration of the time period for filing a claim the claimant and his employer became engaged in consultations and negotiations concerning the claim. The Court then stated:

> Possibly these negotiations might have led [the claimant] to believe that no final decision on his claim had been made by the company and that it was not yet necessary to file a claim with the Industrial Accident Board. If such were the case, it is our opinion that under the authorities cited above, his claim would not be barred. The record, however, is

incomplete regarding the time, nature and extent of the consultations and negotiations, and the board did not make any ultimate finding regarding this issue.

93 Idaho at 173, 457 P.2d at 412. In *Frisbie* the Court reversed and remanded for a determination as to the nature and effect of the negotiations between the claimant and his employer.

The authorities cited by the Court in *Frisbie* concerning this issue were *Harris v. Bechtel Corp.*, 74 Idaho 308, 261 P.2d 818 (1953) and *Lindskog v. Rosebud Mines, Inc.*, 84 Idaho 160, 369 P.2d 580 (1962). Reference was also made to *Atwood v. Idaho Department of Agriculture*, 80 Idaho 349, 330 P.2d 325 (1958). A reading of *Frisbie* and these cases makes it clear that this Court has treated the question of whether there was a waiver by the employer of the time limitation on the employee's right to seek compensation as one of ultimate fact to be resolved by the Commission, rather than a question of law for this Court to resolve on appeal.

Here, the Commission cited *Frisbie* and *Harris* for the proposition that the limitations on filing an application for hearing contained in I.C. § 72–706 "may be waived by the action of the employer or surety where such action could have led the claimant to believe that his request for compensation was still under consideration by the employer." The Commission then found:

The record in the instant case establishes that prior to the expiration of the five-year time period for filing an application for hearing, the Claimant and the Employer, as well as the Claimant and the Employer's heirs, became engaged in consultations and negotiations concerning the claim. Possibly these negotiations may have led Claimant to believe that no decision had been made by the Employer and that it was not necessary to file an application for hearing.

The Commission then found that Swenson's claim was not barred. Although the Commission could have been more explicit, we construe this as finding that Craner's heirs waived the limitation on the period within which Swenson was required to apply for a hearing. Although the evidence is conflicting on the question of waiver, there is substantial competent evidence to support the Commission's finding.

## III.

## DEDUCTION OF EXCESS VOLUNTARY PAYMENTS.

■ Craner's estate asserts that there should be a credit toward the compensation awarded to Swenson for the payment of wages made to Swenson by Craner during his recuperation from his injury to the extent that these payments were in excess of the temporary disability benefits to which Swenson was entitled for that period. The Commission found:

As a result of the injury, Claimant was disabled from work for seven weeks, during which time [Craner] paid Claimant 80 percent of his usual wages of $280.00 per week. Therefore, since Claimant received wages in excess of what he would be entitled to under Idaho workmen's compensation laws, the Commission concludes that [Craner's estate] is not responsible for any total temporary disability benefits to Claimant.

I.C. § 72–316 provides:

**72–316. Voluntary payments of income benefits.**—Any payments made by the employer or his insurer to a workman injured or afflicted with an occupational disease, during the period of disability, or to his dependents, which under the provisions of this law, were not due and payable when made, may, subject to the approval of the commission, be deducted from the amount yet owing and to be paid as income benefits; provided, that in case of disability such deduction shall be made by shortening the period during which income benefits must be paid, and not by reducing the amount of the weekly payments.

Since this statute makes the deduction of excess payments permissive, subject to the approval of the Commission, and since the Commission addressed the excess payments in its findings but did not authorize any deduction from the compensation awarded to Swenson, we reject the asser-

tion of Craner's estate that a deduction must be made.

## IV.

### ATTORNEY FEES.

 Swenson has requested attorney fees on this appeal by reason of the Commission's award of attorney fees and I.C. § 72–210. I.C. § 72–210 provides:

**72–210. Employer's failure to insure liability.**—If an employer fails to secure payment of compensation as required by this act, an injured employee, or one contracting an occupational disease, or his dependents or legal representative in case death results from the injury or disease, may claim compensation under this law and shall be awarded, in addition to compensation, an amount equal to ten per cent (10%) of the total amount of his compensation together with costs, if any, and reasonable attorney's fees if he has retained counsel.

By virtue of this statute Swenson is entitled to attorney fees in this appeal, since Craner failed to secure payment of compensation as required under I.C. § 72–301.

## V.

### CONCLUSION.

The decision of the Commission is affirmed.

Swenson is awarded costs and attorney fees on appeal.

BISTLINE and BOYLE, JJ., and TOWLES, J. Pro Tem., concur.

PRATHER, J. Pro Tem. dissents, being of the opinion that there was no substantial evidence to support the decision of the Commission.