844 P.2d 13

**Athel J. ARMBRISTER, Claimant–Respondent,**

v.

**HANNY CUSTOM FARMING, Employer, Defendant–Appellant.**

No. 19544.

Supreme Court of Idaho, Boise, November 1992 Term.

Dec. 23, 1992.

**32**

Gara B. Newman, Rupert, for defendant-appellant.

Ling, Nielsen & Robinson, Rupert, for claimant-respondent.

McDEVITT, Justice.

## NATURE OF THE CASE

On February 14, 1990, appellant, Hanny Custom Farming ("Hanny"), filed an application for correction or modification of the Industrial Commission's ("Commission") November 26, 1985 order, wherein the Commission awarded respondent, Athel J. Armbrister ("Armbrister"), who was employed by Hanny, worker's compensation benefits and attorney fees, and penalized Hanny for not being insured for worker's compensation coverage.

After the Commission served notice of its intent to dismiss the application, Hanny filed a motion to retain. The Commission ultimately dismissed the application and the motion to retain pursuant to I.C. § 72–719 and Industrial Commission Rule XI. Hanny appeals from the Commission's order denying its motion to retain and dismissing its application for a hearing and the subsequent order on reconsideration dismissing its application. For the reasons set forth below, we affirm the decision of the Industrial Commission.

## BACKGROUND AND PRIOR PROCEEDINGS

A. *The 1985 Injury and Worker's Compensation Award.*

In March of 1985, Armbrister filed a worker's compensation application for a hearing with the Commission. He alleged that he "was pulling potato piler with tractor when the boom of the piler fell onto [him], pinning him to the tractor."

On November 26, 1985, the Commission issued its findings of fact, conclusions of law, and order. The Commission found that Hanny was engaged in the business of independent contracting with farmers for hauling crops from fields to wholesale outlets, and that Armbrister was employed by Hanny as a truck driver and mechanic. Furthermore, the Commission found that respondent was injured on June 27, 1984, in the course and scope of his employment with Hanny when the boom of the potato piler he was pulling swung around and fell on top of him. The Commission awarded respondent $740.78 for total temporary disability, $479.27 for temporary partial disability, $152.35 per week for 150 weeks for permanent partial disability, and $2,249.97 for medical expenses. Finally, the Commission awarded him an additional 10% of the total compensation and $9,642.00 in attorney fees pursuant to I.C. § 72–210, based upon the fact that Hanny was not insured for worker's compensation.

B. *Hanny's 1990 Application For Hearing.*

On February 14, 1990, Hanny filed an application for correction or modification of the Commission's 1985 findings of fact, conclusions of law, and order. In addition, Hanny filed an affidavit in support of the application. In his affidavit, Frank Hanny stated that he "was never notified of any hearings before the Industrial Commission." Further, he stated that the initial notices were mailed to Armbrister's address at 1902 1/2 "A" Street in Rupert, Idaho. In addition, Hanny stated that he declared bankruptcy in April of 1985, that the bankruptcy proceedings were dismissed in February of 1988, and that a petition for entry of the Commission's order was filed on January 20, 1989. Finally, he stated that he "believes that he has a viable defense to this action in that [Armbrister]

was not acting within the scope of his employment ... at the time of injury."

On June 12, 1991, the Commission entered a notice of its intent to dismiss *claimant's* application, which was corrected by amended notice entered June 27, 1991, dismissing Hanny's application for correction or modification for lack of prosecution.

On July 8, 1991, Hanny filed a motion to retain. Hanny asked the Commission to retain the case on its calendar because he "was never served with the paperwork in this matter and was prohibited from setting forth any defenses he might have had to this action."

On August 14, 1991, the Commission entered an order denying the motion to retain the case and dismissing Hanny's application for hearing. The Commission concluded that Hanny had not established good cause to retain the case on its calendar. The motion and application were dismissed pursuant to Industrial Commission Rule XI.

On August 27, 1991, the Commission received a letter from Gara B. Newman, Hanny's attorney, requesting that the Commission reconsider its August 13, 1991 order, and asserting that the Commission had erred in stating the time interval between the original notice of intention to dismiss and the filing of the motion to retain, and in identifying the ground for the motion to retain as "this is a valid action" instead of failure to serve process.

On September 10, 1991, the Commission received another letter from Newman. This time, Newman pointed out that she received the original notice of intention to dismiss on June 13, 1991, the amended notice of intention to dismiss on June 28, 1991, and sent the motion to retain on July 5, 1991. In addition, Newman again asserted that Hanny had not been served.

On September 13, 1991, the Commission withdrew its order of August 14, 1991, and entered its order on reconsideration dismissing Hanny's application. The Commission dismissed Hanny's application for correction or modification, ruling that Hanny had not established good cause for retention under Industrial Commission Rule XI.

In this regard, the Commission pointed to Hanny's failure to explain the sixteen months of inaction between Hanny's application and the Commission's original notice of intention to dismiss, and to Hanny's failure to explain what action it planned to take in the future. The Commission also recognized that Hanny's February 14, 1990 application was filed more than five years from the date of Armbrister's accident, in violation of I.C. § 72–719.

On September 16, 1991, Hanny filed a notice of appeal from the August 14, 1991 order. An amended notice of appeal was filed on October 21, 1991. In the amended notice, Hanny appealed from the August 14, 1991 order and the September 13, 1991 order.

## ANALYSIS

In order to resolve this appeal, we must answer the following questions:

I. Was the Commission correct in dismissing Hanny's application for correction or modification and motion to retain pursuant to I.C. § 72–719 and Industrial Commission Rule XI?

II. Is Armbrister entitled to attorney fees on appeal pursuant to I.C. § 72–210 and I.A.R. 40 and 41?

### I.

Was The Commission Correct In Dismissing Hanny's Application For Correction Or Modification And Motion To Retain Pursuant To I.C. § 72–719 And Industrial Commission Rule XI?

The following events and dates, as set forth in the record, are relevant to this question:

| EVENT | DATE |
|---|---|
| Accident | June 27, 1984 |
| Application for Correction or Modification | February 14, 1990 |
| Amended Notice of Intent to Dismiss | June 27, 1991 |
| Motion to Retain | July 8, 1991 |

Idaho Code § 72–719 empowers the Commission to review a worker's compensation award upon certain specified grounds "[o]n application made by a party in interest filed with the commission at any time *within five (5) years of the date of the accident....*" (Emphasis added.) In the present case, the date of Armbrister's accident

was June 27, 1984. In order for the Commission to review its award to Armbrister upon motion by Hanny, Hanny would have had to file its application no later than June 27, 1989. Hanny filed its application on February 14, 1990.

Industrial Commission Rule XI (1989), a rule of judicial practice and procedure under the worker's compensation law, provides that the Commission may dismiss an application without prejudice "if no action has been taken on the file for a period of one year." The rule further provides that such a dismissal shall be preceded by written notice to the parties. In the present case, Hanny filed its application for hearing on February 14, 1990. Thus, the Commission could proceed under Rule XI if no action had been taken on Hanny's application on or before February 14, 1991. Hanny did not take action on its application until it filed its motion to retain on July 8, 1991.

The facts demonstrate that the Commission correctly dismissed Hanny's application pursuant to Industrial Commission Rule XI because its file had been inactive for over one year. We do take note of Hanny's argument that the Commission, in its final order of dismissal, stated that the dismissal was *with* prejudice. However, it is clear that the Commission dismissed the application pursuant to Rule XI, which states that the dismissal shall be *without* prejudice. We affirm the Commission's dismissal and hold the dismissal to be in accord with Industrial Commission Rule XI; a dismissal without prejudice.

## II.

Is Armbrister Entitled to Attorney Fees And Costs On Appeal Pursuant To I.C. § 72–210 And I.A.R. 40 And 41?

The relevant portion of I.C. § 72–210 provides that "[i]f an employer fails to secure payment of compensation as required by this act, an injured employee ·... may claim compensation under this law and shall be awarded ... reasonable attorney [ ] fees if he [or she] has retained counsel." In *Swenson v. Estate of Craner,* 117 Idaho 57, 785 P.2d 621 (1990), we were faced with a situation where the injured employee's employer did not carry worker's compensation insurance. The Commission awarded the employee attorney fees based upon this fact. On appeal, the employee requested attorney fees pursuant to I.C. § 72–210. This Court granted the request, stating that the respondent was "entitled to attorney fees in this appeal, since [the employer] failed to secure payment of compensation as required under I.C. § 72–301." *Swenson,* 117 Idaho at 61, 785 P.2d at 625.

Pursuant to I.C. § 72–210, and consistent with our holding in *Swenson,* we award respondent reasonable attorney fees on appeal.

The decision of the Commission is affirmed.

Costs to respondent.

BAKES, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.