■ In the Matter of the Claim of ROSE M. CARUSO, Respondent, v GENERAL ELECTRIC COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [643 NYS2d 706]

Claimant's decedent (hereinafter decedent) worked as a machine repairman for General Electric Company (hereinafter the employer) from 1955 to 1986. He retired from his position in April 1986 and was diagnosed with the occupational lung disease asbestosis in August 1990. Decedent died on June 13, 1991 of acute pneumonia, arteriosclerosis and asbestosis. After various hearings, the Workers' Compensation Board, *inter alia,* awarded claimant, decedent's widow, disability benefits from January 4, 1990 to June 13, 1991. The employer, its insurance carrier and the Special Disability Fund (hereinafter collectively referred to as the employer) appeal from the Board's decisions.

The employer concedes that decedent contracted the disease asbestosis from his employment and that this disease was a cause of his death. It argues, however, that the Board's decisions awarding claimant disability benefits are not supported by substantial evidence because claimant failed to establish a causal relationship between decedent's asbestosis and a disability. In support of this argument, the employer focuses upon the fact that decedent's retirement in 1986 was not attributable to asbestosis but rather to a heart condition. While this argument has some appeal, we find it unpersuasive under the facts of the case at hand. The medical evidence adduced at the

hearing established that in 1990 decedent suffered from a serious and debilitating lung disease which was occupational in nature. His doctor opined that decedent had a poor prognosis and that there was no treatment for his condition. Significantly, decedent died shortly after this diagnosis.

Given the nature of decedent's disease, we find that substantial evidence supports the Board's award of disability payments to claimant (*see, Matter of Schultz v L. B. Smith, Inc.*, 90 AD2d 595, *lv denied* 58 NY2d 604; *Matter of Rogala v Deere Plow Co.*, 31 AD2d 867). The fact that the asbestosis did not cause decedent to retire in 1986 is not dispositive of the issue at hand. Accordingly, the Board's decisions are affirmed.

Mercure, J. P., Crew III, Casey, Yesawich Jr., and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.