61 P.3d 569

**Susie SALAS, Claimant–Appellant,**

v.

**J.R. SIMPLOT COMPANY,
Employer–Respondent.**

No. 27837.

Supreme Court of Idaho,
Boise, November 2002 Term.

Dec. 27, 2002.

Richard S. Owen, Nampa, for appellant.

Wes L. Scrivner, Boise, for respondent.

SCHROEDER, Justice.

Susie Salas (Salas) contends that the Idaho Industrial Commission misinterpreted and/or misapplied the Idaho Code provision limiting the time injured workers have to request a hearing for further compensation. Salas and the employer, J.R. Simplot Co. (Simplot), have stipulated to the facts.

I.

**STATEMENT OF THE FACTS**

Salas began working for Simplot in 1975 at its processing division in Caldwell, Idaho. Eventually, she operated the fryer machines, which required her to climb three flights of stairs throughout the day. On November 6, 1993, she slipped and hit the bone of her right knee against the edge of the metal steps.

After extensive medical care, Salas was given a 4% partial impairment rating in July, 1996, and she continued working for Simplot in light-duty positions. Temporary disability benefits were paid to Salas throughout most of 1995 and 1996, and impairment-rating benefits were begun in July of 1996 and continued until December 10, 1996. In 1997 Simplot terminated Salas because of excessive absences caused by continued swelling and pain in her knee. On January 13, 1998, Simplot paid Salas $166.02 in a total disability adjustment payment.

Salas pursued further benefits through the Industrial Commission and was eventually awarded a 27% disability rating as a result of her industrial accident and her educational, vocational and physical restrictions. Simplot paid this disability award on Februrary 18, 2000, in a single sum of $23,192.35. Subsequent to this award, the Commission declined to retain jurisdiction over the issue of future income benefits beyond the statute of limitations for worker compensation claims as set forth in Idaho Code Section 72–706.

Salas's condition apparently worsened after the Industrial Commission ordered the 27% disability rating. Her physician believed additional surgery was needed, and Simplot authorized the surgery since Salas's right to medical benefits was not affected by the statute of limitations. However, Simplot refused to pay any additional disability benefits to Salas during her recovery, asserting the benefits were barred under I.C. § 72–706.

On November 7, 2000, Salas filed an application for a hearing on the sole issue of whether she was entitled to further disability

benefits while recovering from her surgery. The Industrial Commission found her claim was barred under I.C. § 72–706(3), which states:

> If income benefits have been paid and discontinued more than four (4) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease, the claimant shall have one (1) year from the date of the last payment of income benefits within which to make and file with the commission an application requesting a hearing for additional income benefits.

In interpreting this statute, the Commission employed the "anniversary rule," established in *Walters v. Blincoe's Magic Valley Packing Co.*, 117 Idaho 239, 787 P.2d 225 (1989), which stated that the one-year window allowed in I.C. § 72–706 would begin to run only if disability payments had been made before, during and after the "fourth anniversary" of the accident. The Commission stressed that according to case law, the benefits must be continuous and congruent across the "fourth anniversary" threshold; petitioner must be receiving benefits from an award that spans that date. New benefits acquired and received after the "fourth anniversary" but pursuant to the original accident would not toll the one-year window. The Commission thus concluded that neither the payment made on January 13, 1998, nor the payment made on February 18, 2000, were in continuation of the previous income benefits since they arose from separate proceedings. Thus, for the purposes of I.C. § 72–706(3), Simplot discontinued payment, on December 10, 1996, well before the November 6, 1997, four-year "anniversary" of Salas's accident. She was therefore barred. She appealed to this Court.

## II.

### STANDARD OF REVIEW

■ Simplot concurs with Salas's assertion of the facts. Only questions of law are presented to this Court. "When this court reviews a decision of the Industrial Commission, it exercises free review over questions of law." *Rivas v. K.C. Logging*, 134 Idaho 603, 607, 7 P.3d 212, 216 (2000) (citing *Bol-*

*linger v. Coast to Coast Total Hardware*, 134 Idaho 1, 4, 995 P.2d 346, 349 (2000)).

## III.

### THE CLAIM FOR ADDITIONAL DISABILITY BENEFITS IS BARRED

I.C. § 72–706 was modified by the legislature in 1978, 1989 and in 1991. Up to 1991, I.C. § 72–706 contained only one provision (I.C. § 72–706(2)(1978)) concerning limitations on filing for more non-medical benefits. The language of the limitations in I.C. § 72–706 was interpreted in *Walters*, which dealt with the 1978 version of the statute. This version provided for a one-year extension for filing for additional compensation if compensation had been discontinued more than five years from the date of the accident causing the injury. The facts of *Walters* are similar to this case. In *Walters*, the injured worker was hurt in 1979, received an award paid in full in 1980, but then requested more benefits after further surgery in 1986. *See* 117 Idaho at 240–41, 787 P.2d at 226–27. This Court interpreted the then I.C. § 72–706:

> [as allowing] the filing of an application for a hearing within five years after the accident causing the injury or within one year from the date of the last payment of compensation, "if compensation is discontinued more than five (5) years from the date of the accident causing the injury." This latter portion of the statute referring to the discontinuance of compensation necessarily implies that the compensation was being paid on the fifth anniversary of the accident and was thereafter discontinued.

*Id.* at 242, 787 P.2d at 228. The Court determined that the injured worker was barred from claiming further benefits since he had been paid fully on the initial claim before the five years; thus he was not receiving benefits on the fifth anniversary date, and the one-year window in which to file was not triggered. *Id.*

This interpretation of I.C. § 72–706 was used in *Figueroa v. Asarco, Inc.*, 126 Idaho 602, 888 P.2d 381 (1995), in which a worker injured in 1986 was due to receive an award

based upon a physician's impairment rating. Errors in handling prevented the award from being processed before the injured worker left his employer, who subsequently could not locate the worker and send him the money until 1992. In 1993, the worker filed for more benefits. The Court determined that the claim for benefits was barred under the 1978 version of the statute, stating that I.C. 72–706's "one-year extension for filing hearing applications does not apply if no compensation was being paid on the fifth anniversary of a claimant's injury-causing accident." *Id.* at 603, 888 P.2d at 382. The Court's interpretation of the 1978 version of the statute was that a claimant must be actually receiving something on the anniversary and that a mere entitlement to payment did not toll the statute.

Salas argues that *Walters* and *Figueroa* interpret an outdated statute, and the current version should be given different interpretation. The current 1991 version split the concept in the prior statute into two relevant parts:

**72–706. Limitation on time on application for hearing.—**

. . . .

(2) When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease within which to make and file with the commission an application requesting a hearing for further compensation and award.

(3) When income benefits discontinued. If income benefits have been paid and discontinued more than four (4) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease, the claimant shall have one (1) year from the date of the last payment of income benefits within which to make and file with the commission an application requesting a hearing for additional income benefits.

I.C. § 72–706 (1991).

Section 3 retains the same "discontinued more than" a certain number of years

language, suggesting the same interpretation be given to it. The Industrial Commission denied the claim by Salas, determining that her benefits were discontinued before the fourth year and rejecting the argument that the 2000 award related back, representing what she was entitled to. The Industrial Commission's decision is consistent with the language and purposes of I.C. § 72–706. It is clear that the legislature determined that employers should have the chance to free themselves of the benefits claimed by Salas after about five years. The "anniversary rule" is also necessary to the statute's proper functioning. If workers could claim that benefits received after the fourth anniversary, yet not related to a specific benefits payout spanning the fourth anniversary, reset the one-year window under I.C. § 72–706(3), employers could potentially never be absolved of their responsibilities. Each new award would reset the one-year window. The point of I.C. § § 72–706(2) and (3) is to allow hurt workers to have time to file for income compensation once some sense of their medical condition is known as well as to allow employers freedom from further liability. The Industrial Commission's decision is consistent with the language and purpose of I.C. § 72–706.

## IV.

## CONCLUSION

The Industrial Commission's decision is affirmed. The Commission is awarded costs.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN CONCUR.