(April 27, 1925.)

## ALBERT M. HAND, Respondent, v. TWIN FALLS COUNTY and DAVID F. CLARK, Appellants.

[236 Pac. 536.]

LANDS OF CAREY ACT ENTRYMAN—EQUITABLE TITLE—TAXATION—TAX DEED—PLEADINGS—MATTER NOT IN ISSUE—UNCERTAINTY OF JUDGMENT—EFFECT.

1. The lands of an entryman on a Carey Act project, in whom the equitable title has not vested, are not subject to state taxation, and a tax deed issued thereon is void.

2. One who as party defendant maintains the validity of a tax deed, and does not by cross-complaint or otherwise make any alternative claim or demand upon his codefendant, the county issuing the deed, for reimbursement of sums paid by him therefor and as subsequent taxes, is not entitled to a judgment for the return of such sums in an action wherein the deed is declared void.

3. The portion of a judgment ordering that a defendant reimburse his codefendant "for all sums expended by him in payment for the tax deed described in the complaint and subsequent taxes thereon, if any," without fixing the amount so to be repaid, in the absence of any allegation, proof or finding thereof, will be stricken on appeal as too indefinite and uncertain and not supported by the findings or the law.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. T. Bailey Lee, Judge.

Action to set aside a tax deed. Judgment for plaintiff. *Modified and affirmed.*

J. W. Taylor and Bothwell & Chapman, for Appellants.

The lands of respondent became subject to taxation October 25, 1911, for the year 1912, when the final certificate was issued to respondent's predecessor, by the state of Idaho, which entitled respondent to a patent therefor irrespective of the fact that the legal title was still held by the United States and of the further fact that the United States later refused to issue patent therefor. Such final certificate vested an immediate equitable title in respondent, such as is subject to taxation. (*Sanderson v. Salmon River Canal Co.*, 34 Ida. 145, 303, 199 Pac. 999, 200 Pac. 341; *United States v. So. Oregon Co.*, 196 Fed. 423. See, also, cases cited by appellants in *Leney et al. v. Twin Falls County, ante,* p. 600, 236 Pac. 532.)

Homer C. Mills, for Respondent.

Under the provisions of Rev. Stats., sec. 1644, as amended, all property belonging to the United States was exempt from taxation. This is true in the absence of a state statute. (*People ex rel. v. Burke*, 204 App. Div. 557, 198 N. Y. Supp. 601.)

Title to the lands in question was in the government, and the settler never had a beneficial interest therein. Under such circumstances, lands are not subject to taxation. (*People ex rel v. Burke, supra; Bothwell v. Bingham County, Idaho,* 237 U. S. 642, 35 Sup. Ct. 702, 59 L. ed. 1157; *Irwin v. Wright,* 258 U. S. 219, 42 Sup. Ct. 293, 66 L. ed. 573; secs. 4685, 4686, U. S. C. S. 1918, Compact ed.)

TAYLOR, J.—This action was brought by respondent to have decreed void and canceled a tax deed, from appellant Twin Falls county to appellant Clark, of land embraced in the rejected area of the Twin Falls Salmon River Land & Water Company Carey Act project, as to which project most

of the necessary facts are recited in the case of *Leney v. Twin Falls County, ante,* p. 600, 236 Pac. 532, just decided by this court. This case was submitted with the argument therein. The facts were presented by a stipulation, and with the differences hereinafter pointed out, were largely the same as those in the Leney case up to the time of the reduction of the project from 60,000 acres to 35,000.

Respondent and his predecessors made a contract with the water company for water, and spent approximately $2,000 in payment for water rights and in cultivation and improvement of the land, and on or about October 25, 1911, made proof and received from the state of Idaho a final certificate. Twin Falls county assessed these lands in 1912 as real property. They were sold in October, 1913, for delinquent taxes, and in 1916 a deed thereto was given to the appellant Clark for the sum of $53.30. These tax proceedings were all under Laws 1912 (Special Sess.), c. 8, which act and proceedings were expressly continued in force, as to taxes of 1912, by Sess. Laws 1913, c. 58, sec. 213.

After these lands were excluded from the segregation and relinquished by the state to the federal government, the respondent made an agreement with the water company whereby it agreed to pay him $1,320.80 in full settlement of any and all claims which he might have against the premises for improvements placed thereon, payments advanced on the water contract, and his interest in the irrigation works. It is alleged and stipulated that this settlement "cannot be fully consummated and carried out until the questions raised by said tax lien shall have been determined," and that—

"  . . . . The said tax sale . . . . and the said tax deed . . . . create a cloud upon the title of the plaintiff in and to whatever right, title or interest he may have in and to the said premises, the improvements thereon, and the water right appurtenant thereto, and the refund to be made. . . . .

"That the defendant, David F. Clark, has not placed any improvements upon said premises since receiving the said tax deed and has made no payments to the said Land & Water Company upon said water contract, and has not taken

possession of the said premises, and has made no payments or expended any money upon said premises, except such small payments as he may have made to the defendant, Twin Falls County, Idaho, as taxes for the years subsequent to the issuance of said tax deed, which said taxes were paid by the said defendant, David F. Clark, to the said County of Twin Falls without protest; that the said defendant, David F. Clark, is ready and willing to surrender said tax deed upon being reimbursed by the said County of Twin Falls for the consideration paid for said tax deed and the amounts paid by the said David F. Clark as taxes since the issuance of said tax deed.''

Respondent also prayed that:

'' . . . . Twin Falls County, Idaho, be required to reimburse the said David F. Clark for all sums expended by him in payment for said tax deed and subsequent taxes thereon, if any, and that it be further adjudged that the defendants have no estate or interest whatever in or to said land or premises, and that the title of the plaintiff is good and valid, except as against the Government of the United States.

''That the defendants be forever enjoined and debarred from asserting any claim whatever in or to said land or premises, adverse to the plaintiff. . . . . ''

The lower court made findings and entered judgment in favor of respondent, by said judgment also ordering—

''That the defendant Twin Falls County reimburse the defendant David F. Clark for all sums expended by him in payment for the tax deed described in the complaint and subsequent taxes thereon, if any, and that the said tax deed and all assessments made against said property be, and they are, hereby canceled and set aside.''

From this judgment, both Twin Falls county and Clark have appealed. Appellants make the same contention herein as that made in *Leney v. Twin Falls County, supra,*—that equitable title had so vested in respondent at the time the tax was levied as to support the levy and sale.

Upon the reasoning and authority of *Leney v. Twin Falls County, supra,* and of *Irwin v. Wright,* 258 U. S. 219, 42

40 Idaho—41

Sup. Ct. 219, 66 L. ed. 573, therein cited, we hold that respondent's right and interest in the premises was not assessable as property for the year 1912, and that the tax proceedings and deed issued thereon were void. The judgment of the lower court as to that portion of the case is affirmed.

By the provisions of Revised Codes, sec. 1759, which were in effect in 1912 when these taxes were levied, and under which the sale was had, the certificate of sale issued by the collector must contain " .... A guaranty of the county .... to which the tax is due that if, for any irregularity of the taxing officers this certificate be void, then such county .... will repay to the holder the sum paid therefor with interest at six per cent per annum from the date of its issuance."

Peculiarly, appellant Clark joined in the answer of Twin Falls county, and denies that the deed is void or a cloud on the title of respondent, and does not, by cross-complaint or otherwise, make any alternative claim or demand upon respondent or the county for the $53.30 paid by him for the tax deed, or for subsequent taxes paid by him, which were paid without protest. He joins in the appeal of Twin Falls county from the judgment which decreed this deed to be void and a cloud on the title, and ordered Twin Falls county to pay him what he had expended for the tax deed and subsequent taxes. It is not alleged or stipulated that appellant Clark has at any time made any demand upon the county for repayment of this money. His right to this reimbursement was not put in issue by the pleadings, and the portion of the judgment granting him such relief is, therefore, void. (33 C. J. 1145; 15 R. C. L. 604; *Miller v. Prout*, 33 Ida. 709, 197 Pac. 1023; *Paulsen v. Western Electric Co.*, 67 Okl. 309, 171 Pac. 38.)

Moreover, it is not alleged or stipulated what these subsequent taxes on the land, if any, amounted to at the date of the judgment. The complaint, answer, stipulation and findings and conclusions are all indefinite on this point, and the judgment itself does not fix the amount, but simply recites:

"That the defendant Twin Falls County reimburse the

defendant David F. Clark for all sums expended by him in payment for the tax deed described in the complaint and subsequent taxes thereon, if any, and that the said tax deed and all assessments made against said property be, and they are, hereby cancelled and set aside."

That portion of the judgment should be stricken for the further reason that it is too indefinite and uncertain, and is not supported by the findings or the law, and the judgment is so modified. (33 C. J. 1201; 15 R. C. L. 593; *Shires v. Bogges,* 72 W. Va. 109, 77 S. E. 542; *Russo v. Fidelity & Deposit Co.,* 129 La. 554, 56 So. 506.)   The appellant Clark is remitted to any remedy he may have under the laws existing at the time of his purchase and payment of taxes.   As so modified, the judgment is affirmed.   Costs to respondent.

William A. Lee, C. J., and Givens, J., concur.

Wm. E. Lee, J., did not sit at the hearing and took no part in the decision.

BUDGE, J., Specially Concurrng.—My views as expressed in the special concurring opinion in the case of *Leney v. Twin Falls County, ante,* p. 600, 236 Pac. 532, have equal application to this case.