858 P.2d 740

**Michael John DEWEY, Claimant–Appellant,**

v.

**Mike MERRILL, Employer, Defendant–Respondent,**

and

**Randy Castona, Employer, Defendant.**

No. 20227.

Supreme Court of Idaho,
Idaho Falls, April 1993 Term.

Aug. 26, 1993.

Ward, Maguire & Bybee, Pocatello, for claimant-appellant. D. Kirk Bybee, argued.

Ryan W. Boyer, Idaho Falls, for defendant-respondent.

TROUT, Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

This is a worker's compensation case. The respondent, Mike Merrill (Merrill), is a pharmacist who was acting as a general contractor in building his own house. Merrill hired a number of subcontractors to work on the project and also organized the purchase and delivery of necessary building materials. He was not involved in the day-to-day building activities other than in a general supervisory capacity.

Merrill contracted with Randy Castona to frame the house. The contract provided that Castona would be responsible for the insurance required by law. However, Castona never procured worker's compensation insurance before beginning construction on Merrill's house. Castona hired the appellant, Michael Dewey, to work as a carpenter's helper, and on his first day of work, September 6, 1990, Dewey injured his left eye while operating a nail gun. As a result of the accident, Dewey lost his eye.

Dewey brought an action against Merrill and Castona to recover worker's compensation benefits. The Industrial Commission found that Dewey was an employee of Castona and that Dewey had a permanent partial disability of forty-five percent of the whole person. The Commission awarded

Dewey $85,000.00 in benefits, medical expenses and attorney fees against Castona.[1]

The Commission found that Merrill was not liable for payment of worker's compensation benefits to Dewey because: (1) Merrill was not the statutory employer of Dewey; and (2) Merrill was exempt from liability under I.C. § 72–212(5) because the employment was not "for the sake of pecuniary gain."

## II.

### STANDARD OF REVIEW

■ The Court's review of decisions of the Industrial Commission is limited by the Idaho Constitution and prior case law. We review questions of fact only to determine if there is substantial competent evidence to support the Commission's findings, and we exercise free review over questions of law. Idaho Constitution, art. 5, § 9; *Vendx Mktg. Co., Inc. v. Dep't of Employment*, 122 Idaho 890, 841 P.2d 420 (1992). We are called upon here to review the Commission's conclusions that Merrill was not a statutory employer and that he was not engaged in employment for pecuniary gain. These issues are not dependent upon disputed factual findings in this instance and thus are questions of law only.

## III.

### MERRILL WAS A STATUTORY EMPLOYER OF DEWEY

■ The Commission concluded that Merrill was not a statutory employer because Merrill did not have the "right to control" Dewey. The worker's compensation statute broadens the relationship between employer and employee; it is a statutory relationship which does not require the common law element of control. *Adam v. Titan Equip. Supply Corp.*, 93 Idaho 644, 647, 470 P.2d 409, 412 (1970); *Gifford v. Nottingham*, 68 Idaho 330, 337, 193 P.2d 831, 835 (1948). The "right to control" test is relevant in ascertaining whether a work-

er is an employee or an independent contractor for the purposes of determining worker's compensation coverage. *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 392, 690 P.2d 324, 327 (1984). The test may also be useful if there needs to be a distinction made between a direct and nondirect employer. *See Id.* In this case the parties concede that Dewey was an employee of Castona, his direct employer, and therefore, the "right to control" test is of no assistance in determining whether Merrill was a statutory employer under I.C. § 72–102(11).

■ Idaho Code § 72–102(11) defines "employer" as:

any person who has expressly or impliedly hired or contracted the services of another. It includes contractors and subcontractors. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed.

This expanded definition of "employer" was " 'designed to prevent an employer from avoiding liability under the workmen's compensation statutes by subcontracting the work to others' who may be irresponsible and not insure their employees...." *Runcorn*, 107 Idaho at 392–93, 690 P.2d at 327–28, *quoting Adam v. Titan*, 93 Idaho at 646, 470 P.2d at 411. By definition, statutory employers may be the "employer" not only of their direct employees, but also of the employees of any subcontractors with whom they contract. *Runcorn*, 107 Idaho at 393, 690 P.2d at 328.

Merrill was an "employer" in this case because he was acting as a general contractor for the purpose of building his own house. Like any general contractor, Merrill hired the services of various subcontractors, made payments to them, and or-

---

1. Castona never appeared before the Commission to contest the action and apparently cannot be found.

ganized the delivery of building materials. Specifically, Merrill contracted the services of Castona to work on his house, and Castona hired Dewey.

Because Merrill was his own contractor, the present case is distinguishable from *Moon v. Ervin*, 64 Idaho 464, 133 P.2d 933 (1943). In *Moon*, Schreiber, a doctor by profession, hired a contractor, Ervin, to build a house for Schreiber's personal residence. Ervin hired a worker, Moon, who was injured while building the house. Under those facts, the Court found that Schreiber was not Moon's employer because he was not a contractor or subcontractor, nor was he the proprietor or operator of a business. *Id.* at 469–70, 133 P.2d at 935–36.

The present case is distinct from *Moon* because Merrill was a contractor. Unlike Schreiber, Merrill took an active role in the construction of his house by hiring subcontractors, providing them the necessary materials and coordinating their services. Accordingly, Merrill was an "employer" under the terms of I.C. § 72–102(11).

## IV.

### MERRILL IS EXEMPT FROM LIABILITY BECAUSE THE EMPLOYMENT WAS NOT FOR THE SAKE OF PECUNIARY GAIN

■ The Industrial Commission found that Merrill's employment of Dewey was exempt under the worker's compensation statute because it was not for the sake of pecuniary gain. We agree with the Commission.

■ Idaho Code § 72–212 states that the provisions of the worker's compensation law do not apply to "[e]mployment which is not carried on by the employer for the sake of pecuniary gain." I.C. 72–212(5). Idaho Code § 72–204 defines private employment for purposes of the worker's compensation law:

> "Employment," in the case of private employers, includes employment *only in*

a trade or occupation which is carried on by the employer for the sake of pecuniary gain and also includes any of the pursuits specified in section 72–212, when the employer shall have elected to come under the law as provided in section 72–213.

I.C. § 72–204(4). Statutes which relate to the same subject are *in pari materia* and they should be construed together to effectuate legislative intent. *Grand Canyon Dories v. Idaho State Tax Comm'n*, 124 Idaho 1, 855 P.2d 462 (1993). Sections 72–204(4) and –212(5) are *in pari materia* because they relate to the same subject matter: coverage of employment under the worker's compensation law. When construed together, these statutes indicate that "pecuniary gain" must be considered in the context of "a trade or occupation which is carried on by the employer."

The Court addressed the "pecuniary gain" issue in *Lynskey v. Lind*, 94 Idaho 788, 498 P.2d 1261 (1972). In that case, Lind, head of a gasoline retail business, employed a building designer to purchase materials and hire workers to construct a residence for Lind. The building designer hired Lynskey to work on the house and Lynskey was subsequently injured.

The only issue addressed by the Court was whether Lind was an exempt employer under the worker's compensation statute.[2] The Court held that Lind was exempt from worker's compensation liability because he was not building the house for pecuniary gain. *Id.* at 790, 498 P.2d at 1263. In support of this holding the Court noted that the house was built and paid for with Lind's personal funds, that Lind built the house for his and his family's personal use, and that there was no business office located in the house. The Court emphasized that Lind did not build the house for any business related purpose and distinguished *Lynskey* from cases where an employer was shown to be engaged in the business of selling real property. *Id.*

---

2. The Court did not consider the issue of whether Lind was a statutory employer as the Industrial Accident Board had restricted its decision to the exemption issue.

In the present case, Merrill was not in the trade or occupation of building or selling homes. Like Lind, he was building the home for his personal use with his personal funds. Accordingly Merrill, like Lind, is exempt from liability because the employment of Dewey was not for the sake of pecuniary gain.

 Dewey argues that Merrill was acting for the sake of pecuniary gain because he saved ten percent on the cost of building his home by acting as his own contractor. We disagree. Pecuniary gain is not determined by whether a party makes a profit or loses money on certain transactions. *See Dillard v. Jones,* 58 Idaho 273, 72 P.2d 705 (1937); *Modlin v. Twin Falls Canal Co.,* 49 Idaho 199, 206, 286 P. 612, 614 (1930). In addressing the issue of pecuniary gain, the Court considers whether a party is supplying a service and receiving remuneration for it. *Modlin,* 49 Idaho at 206, 286 P. at 614.

Whether Merrill actually saved money by acting as his own general contractor is not the issue in this case. Merrill was not in the business of building, selling or renting homes, and he was not supplying a service for remuneration. As the Court explained in *Lynskey,* the Worker's Compensation Act was intended for commercial and governmental employers who can spread the costs of compensation through the price of goods and services. 94 Idaho at 791, 498 P.2d at 1264. The pecuniary gain exemption was created to protect individuals like Merrill who may be deemed to be statutory employers but do not regularly employ others for business purposes. Accordingly, we find that Merrill is not subject to the provisions of the worker's compensation statute because he was not engaged in employment for the sake of pecuniary gain.

## V.

## CONCLUSION

While we disagree with the Commission's conclusion that Merrill was not a statutory employer, we agree with its second conclusion that Merrill is exempt from the worker's compensation provisions because he did not employ Dewey for the sake of pecuniary gain. Accordingly, we affirm the order of the Industrial Commission. Costs are awarded to the respondent.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ. concur.