931 P.2d 1193

Don Lee BURROW, Claimant–
Respondent,

v.

**CALDWELL TREASURE VALLEY
RODEO, INC., Employer,
Defendant–Appellant.**

No. 22483.

Supreme Court of Idaho,
Boise, December 1996 Term.

Jan. 27, 1997.

Roberts & Robinson, Caldwell; Sisson & Associates, Boise, for defendant–appellant. Peter C. Sisson argued.

Richard S. Owen, Nampa, for claimant–respondent.

JOHNSON, Justice.

This is a workers' compensation case. The issue presented is whether the employer is exempt from workers' compensation liability, pursuant to I.C. § 72–212(5), because it did not employ the claimant "for the sake of pecuniary gain." We conclude the employer is not exempt because it provided a service and received remuneration for it. *Modlin v. Twin Falls Canal Co.,* 49 Idaho 199, 286 P. 612 (1930).

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

Don Burrow (the employee) is an independent welder, and has been hired by Caldwell Treasure Valley Rodeo (the employer) for various maintenance jobs. In 1993, the employee was hired by the employer to build and install a new scoreboard and was injured in the course of the installation.

The employee sought workers' compensation for the injury. The Industrial Commission (the Commission) found that the employer was not exempt under I.C. § 72–212(5), which exempts from workers' compensation coverage "[e]mployment which is not carried on by the employer for the sake of pecuniary gain." The Commission awarded the employee benefits, attorney fees pursuant to I.C. § 72–210, costs, and statutory penalties because the employer had failed to insure its liability.

For federal tax purposes, the employer is a non-profit, tax-exempt organization under 26 U.S.C. § 501(c)(4). The employer does not fall within the definition of non-profit organization for purposes of the collection of state sales tax. The employer reinvests its proceeds back into the rodeo grounds it operates, and the members of its board of directors are volunteers.

## II.

## THE EMPLOYER IS NOT EXEMPT UNDER I.C. § 72–212(5)

■ The employer asserts it is exempt under I.C. § 72–212(5). We disagree.

The Commission determined that the employer is not exempt under the I.C. § 72–212(5) exemption because it receives remuneration for its services in the form of admissions to the rodeos it conducts. The Commission based its decision on *Modlin.* 49 Idaho 199, 286 P. 612. In *Modlin,* the employer was a for-profit employer, and attempted to avoid workers' compensation liability on the basis that it did not generate any profit in the particular instance in which the employee was injured. *Id.* In *Modlin,* the employer argued that it was not acting for pecuniary gain. *Id.* at 206, 286 P. at 614. The Court rejected this contention, stating, "[w]hether it made a profit or not is beside the issue. It was supplying service and receiving remuneration for it." *Id.*

■ The Court has cited *Modlin* for the proposition that "an employer cannot escape liability for compensation on the ground that he is not engaged in a business for pecuniary gain because on some transactions he loses money." *Dillard v. Jones,* 58 Idaho 273, 279, 72 P.2d 705, 708 (1937); *see also Dameron v. Yellowstone Trail Garage, Inc.,* 54 Idaho 646, 652, 34 P.2d 417, 419 (1934) ("Whether or not the employer was making a profit at the time the employee was injured is immaterial."). Therefore, the employer's non-profit tax status is irrelevant to the determination of whether the employment was carried on by the employer for the sake of pecuniary gain.

More recently, this Court addressed the I.C. § 72–212(5) exemption in *Dewey v. Merrill,* 124 Idaho 201, 858 P.2d 740 (1993), stating that "[i]n addressing the issue of pecuniary gain, the Court considers whether a party is supplying a service and receiving remuneration for it." *Id.* at 205, 858 P.2d at 744. The Court also stated in *Dewey* that the "Worker's Compensation Act was intended for commercial and governmental employers who can spread the costs of compensation through the price of goods and services. The pecuniary gain exemption was created to protect individuals ... who may be deemed to be statutory employers but do not regularly employ others for business purposes." *Id.* (citations omitted).

The employer in the present case receives remuneration for its services. Therefore, the employer is not exempt under I.C. § 72–212(5).

## III.

### CONCLUSION

We affirm the Commission's decision.

We award the employee costs and attorney fees on appeal. *Swenson v. Estate of Craner*, 117 Idaho 57, 785 P.2d 621 (1990); *Armbrister v. Hanny Custom Farming*, 123 Idaho 31, 844 P.2d 13 (1992).

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.