55 P.3d 298

John MASTRANGELO, Plaintiff–
Appellant,

v.

SANDSTROM, INC., a dissolved Florida
corporation, with Jodi Sandstrom as
Trustee, Jodi Sandstrom, individually,
Emily Sandstrom, Debra Jo Hoecherl,
and all of the Heirs and Devisees of Ray
Sandstrom, deceased, and One or More
John Does, Defendants–Respondents.

No. 27252.

Supreme Court of Idaho,
Boise, May 2002 Term.

Aug. 6, 2002.

Rehearing Denied Oct. 2, 2002.

Hopkins, Roden, Crockett, Hansen & Hoopes, PLLC, Idaho Falls, for appellant. Lary S. Larson argued.

Anderson, Nelson, Hall, Smith P.A., Idaho Falls, for respondents Emily Sandstrom and Debra Jo Hoecherl. Marvin M. Smith argued.

KIDWELL, Justice.

This is an action to enforce John Mastrangelo's February 1991 Florida money judgment entered against defendant Sandstrom, Inc. by attaching real property located in Lemhi County, Idaho. Mastrangelo seeks to establish the corporation's ownership of the property, in part, by enforcement of an August 1991 Florida decree entered in the divorce of defendants Ray and Jodi Sandstrom. The district court granted summary judgment to respondent Emily Sandstrom and denied Mastrangelo's motion for certain default judgments. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In 1991, a "Final Judgment of Dissolution of Marriage" (divorce judgment) was entered in Florida, dissolving the marriage of appellants Jodi Sandstrom (Jodi) and Ray Sandstrom (Ray). As a part of that judgment, the court ruled that all of the shares of Sandstrom, Inc. belonged solely to Jodi, as the result of a gift from Ray. The court also held that Ray misappropriated Sandstrom, Inc. funds to purchase real property located in Lemhi County, Idaho, the title to which had been recorded in the names of Ray and a female acquaintance. The court held that the transfer of title to Ray and his acquaintance was void, and that Jodi held equitable title to that property. Mastrangelo asserts as the basis of his position the fact that the Florida court awarded equitable title to Jodi as trustee and sole shareholder of the now-dissolved Sandstrom, Inc.

In that same year, Jodi filed the divorce judgment with the clerk of the District Court for the Seventh Judicial District of Idaho, initiating case number CV–91–83. In that case, Ray filed a motion before the magistrate division challenging the validity of the divorce judgment. In November of 1992, the magistrate division ordered that the Florida divorce judgment was enforceable, except for the portions relating to the ownership of the shares of Sandstrom, Inc. and the ownership of the Lemhi County real property. The court held that those portions of the divorce judgment were void and unenforceable "until it is determined by the Florida court that proper due process notice ... was given to" Ray in connection with those issues. In March of 1993, the divorce judgment was affirmed in all relevant respects by a Florida appellate court, and no further appeal was taken. Jodi then moved to reinstate her Florida divorce judgment before the magistrate division in Idaho. In July of 1993, the magistrate division entered a second order, denying Jodi's motion. Although no appeal was taken from those orders of the magistrate division, their meaning and effect are the underlying issues in this case.

Meanwhile, in 1991, John Mastrangelo (Mastrangelo) obtained a Florida money judgment against Sandstrom, Inc., which was subsequently filed in Lemhi County, Idaho. After procedural defects necessitated reentry of that judgment in Florida, Mastrangelo filed the reentered judgment in Lemhi County, Idaho no later than June 2, 1997. On that date, Mastrangelo commenced this action to attach the Lemhi County property in satisfaction of his judgment. He characterized his complaint as a creditor's bill in equity, primarily because legal title to the property was not vested in Sandstrom, Inc. or in Jodi. Ray is deceased and, as far as Idaho recordings are concerned, legal title is vested in Emily Sandstrom (Emily), who is Ray's widow, and in various other defendants in this action. To demonstrate that the property truly belongs to the corporation, and is therefore subject to attachment to satisfy his judgment, Mastrangelo sought to have the court recognize and enforce the Sandstroms' Florida divorce judgment under the principles of full faith and credit. In 1998, to clarify the meaning of the magistrate division's 1992 order, Mastrangelo successfully brought a declaratory judgment action in

Florida to declare that Ray had received adequate due process in the original divorce proceedings.

In 1999, Mastrangelo moved for summary judgment, and Emily was the only defendant who had appeared at that point. On February 9, 2000, the district court denied Mastrangelo's motion for summary judgment. Emily moved for summary judgment and, on July 31, 2000, the district court granted her motion, dismissing Mastrangelo's claim.

Mastrangelo appealed from the district court's decision to grant Emily's motion for summary judgment, and this Court conditionally dismissed the appeal because a final judgment had not been rendered regarding the defendants who did not appear. Mastrangelo then moved the district court for entry of default judgments against those defendants, noting that the clerk of the court had already entered default judgments against them. At that point, Debra Jo McCuiston, formerly known as Debra Jo Hoecherl (Hoecherl), made a special appearance and filed an affidavit to contest the adequacy of the service of process. The district court denied Mastrangelo's application for entry of default judgment, stating that Mastrangelo's claims against the other defendants were invalid for the same reasons his claim against Emily was invalid. Mastrangelo now appeals from the district court's order granting Emily's motion for summary judgment and denial of his motion for default judgments.

## II.

## STANDARD OF REVIEW

On appeal from an order granting summary judgment, this Court employs the same standard used by the district court originally ruling on the motion. *Kelso v. Lance,* 134 Idaho 373, 374–75, 3 P.3d 51, 52–53 (2000). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). All disputed facts are liberally construed in favor of the nonmoving party,

and all reasonable inferences and conclusions supported by the record are drawn in favor of the nonmoving party. *Kelso,* 134 Idaho at 375, 3 P.3d at 53. As to issues of law, this Court exercises free review over the district court's decision. *Bouten Constr. Co. v. H.F. Magnuson Co.,* 133 Idaho 756, 760, 992 P.2d 751, 755 (1999).

Although this case was dismissed on summary judgment, the case turns on the application of collateral estoppel. "Whether collateral estoppel bars the relitigation of issues adjudicated in prior litigation between the same parties is a question of law upon which we exercise free review." *Rodriguez v. Dep't of Correction,* 136 Idaho 90, 92, 29 P.3d 401, 403 (2001) (citations omitted). It is helpful to discuss collateral estoppel as it relates to the doctrine of res judicata and identify the values it serves. "Although the literal definition of the term 'res judicata' is expansive enough to cover both preclusion of relitigation of the same cause of action and relitigation of the same issue, the modern tendency is to refer to the aspect of the doctrine that precludes relitigation of the same issue in a separate cause of action as 'collateral estoppel,' and to refer to that aspect preventing relitigation of the same cause of action as 'res judicata.' " *Id.* (citation omitted). "Collateral estoppel thus applies to protect litigants from the burden of litigating an identical issue with the same party or its privy." *Id.* (citation omitted).

## III.

## ANALYSIS

As noted by the district court, Mastrangelo's claim to the Lemhi County property hinges completely on a showing that Sandstrom, Inc., via Jodi, has an attachable interest in that property. Mastrangelo argues that he can prove that alleged interest in one of two ways. First he seeks to have Jodi's divorce judgment recognized in Idaho as a valid judgment conclusively demonstrating Sandstrom Inc.'s interest. Second, he argues that, even if that judgment is not recognized in Idaho, he can prove by introduction of direct evidence that Sandstrom, Inc. should be the property's true owner and that

he presented sufficient evidence before the district court to create genuine issues of material fact precluding summary judgment.

The district court found that the 1992 and 1993 orders of the Idaho magistrate division were final; that, based on those final orders, Jodi had failed to perfect the interests represented by the divorce decree prior to the passing of the statutory period; that the statute of limitations was not otherwise tolled or satisfied; and that Mastrangelo's claims, being derivative of Jodi's, failed for the same reasons her claims failed. The court's holding implicitly references the doctrine of collateral estoppel. Although Mastrangelo had argued in his briefing that, even if the divorce decree were not recognized, there were genuine issues of material fact precluding summary judgment, the district court did not directly address that issue in its decision. However, the district court's decision granting summary judgment implies a finding that no genuine issues of material fact existed. I.R.C.P. 56(c).

A. **The Magistrate Division's 1992 And 1993 Orders Were Final Orders Collaterally Estopping Mastrangelo From Relitigating The Question Of Whether The Divorce Judgment Is Entitled To Full Faith And Credit As It Applies To The Lemhi County Property.**

■ Mastrangelo argues that the divorce judgment should be afforded full faith and credit. He contends that the judgment should then be accepted to establish that Sandstrom, Inc., through Jodi, is the owner of the property, and that the property is therefore subject to attachment in satisfaction of Mastrangelo's judgment. The district court held that the magistrate division properly denied full faith and credit to the divorce judgment. The district court also upheld the magistrate division's determination that relitigation of the divorce judgment's validity was precluded by collateral estoppel.

The initial inquiry is whether the magistrate division's orders were final orders. On November 18, 1992, the magistrate division entered an order (1992 order) voiding the filing of the divorce judgment. That order provided, in part:

> The foreign judgment filed herein is declared void and unenforceable in the state of Idaho *until it is determined by the Florida court that proper due process notice of the issues was given to the petitioner.*
>
> That the findings and judgments of paragraphs 1, 2, 4, A, B, G, I, J, K and L of said foreign judgment are validated and upheld.

(Emphasis added). Mastrangelo's argument emphasizes the italicized language, which, by way of the second paragraph of the quote, applies only to those parts of the judgment related to the ownership of Sandstrom, Inc. and the Lemhi County property. Subsequent to the issuance of this 1992 order, the divorce judgment was affirmed in all relevant respects by a Florida appellate court, and no further appeal was taken. In light of the appellate decision affirming the decree, Jodi filed a motion with the magistrate division in Idaho for reinstatement of her divorce judgment. On July 1, 1993, the magistrate division entered an order (1993 order) denying her motion, saying:

> NOW THEREFORE, IT IS HEREBY ORDERED THAT THE DEFENDANT'S MOTION TO REINSTATE THE FLORIDA FOREIGN JUDGMENT IS HEREBY DENIED ON THE GROUNDS AND FOR THE REASONS AS FOLLOWS:
>
> 1. This court does NOT have jurisdiction to take up the Defendant's Motion to Reinstate the Foreign Judgment. *This Court did make a Final Decision on November 18, 1992.* No appeal or request for further Hearing was ever made from said Final Order.
>
> 2. Secondly, if the Court were to assume jurisdiction and rule on the merits, there is still no convincing showing that the Plaintiff did have notice that the Defendant was claiming the Idaho property in the divorce action.
>
> Therefore, the Motion does fail on both jurisdictional and meritorious grounds.

(Emphasis added). Neither of the magistrate division's orders was appealed.

Mastrangelo contends that the 1992 order was conditional, leaving an open-ended invitation for anyone with an interest to seek a Florida ruling on the validity of the divorce judgment with regard to Ray's due process rights. He asserts that the 1993 order merely left the 1992 order in place, therefore keeping the invitation open. Consequently, he argues, his 1999 Florida declaratory judgment, declaring that the divorce judgment was entered upon adequate due process, operated to satisfy the mandate of the magistrate division's 1992 order and renders the divorce judgment enforceable in Idaho. We disagree.

As the district court determined, "nothing in [the magistrate division's] order requires any creditor to obtain judgment from Florida, nor does it allow Jodi's interest to remain in limbo until a creditor picks up the gauntlet. Rather, Jodi was required to protect her right to the property by appealing the order pursuant to Idaho appellate rules." If the two orders were read as being conditional, leaving an open-ended invitation to anyone who might pick up the gauntlet, they would be eternal in application and ambiguous to the entities. Such a result is inconsistent with the requirement that judgments be definite and certain. *See, e.g., Sinnett v. Werelus,* 83 Idaho 514, 519, 365 P.2d 952, 957 (1961) ("A judgment must be definite and certain in itself, or capable of being made so by proper construction. It must fix clearly the rights and liabilities of the respective parties to the cause and be such as the parties may readily understand their respective rights and obligations thereunder."); *Hand v. Twin Falls County,* 40 Idaho 638, 643, 236 P. 536, 537 (1925) (striking a portion of a judgment, in part because it was "too indefinite and uncertain"). We decline to attribute to the magistrate division's orders the anomalous meaning urged by Mastrangelo.

The two orders of the magistrate division amount to final orders, invalidating the Florida decree as it applies to Idaho. As the district court said, although the 1992 order is perhaps "not a paragon of clarity," and perhaps the "1993 order does little to remedy the confusion," the 1993 order "removed any doubt that he [the magistrate judge] considered the matter final, and that the Florida judgment was void and unenforceable in Idaho."

The record demonstrates that, at the time the 1992 order was rendered, the magistrate division knew that an appeal from the divorce judgment was pending in Florida. Consequently, a reasonable inference is that the language "until it is determined by the Florida court that proper due process notice of the issues was given to the petitioner" refers to the Florida court that was hearing Ray's appeal from the divorce judgment. The Florida appellate court affirmed the divorce judgment in all relevant respects, specifically finding that Ray had received adequate notice as to the issues regarding ownership of Sandstrom, Inc. and the Lemhi County property. Jodi then presented the Florida appellate court's decision to the magistrate division in Idaho. In its 1993 order, the magistrate division stated that its 1992 order was a final decision. Additionally, in part two of its order, the magistrate division held that there was "still no convincing showing that the Plaintiff did have notice that the Defendant was claiming the Idaho property in the divorce action," despite the Florida appellate court's decision. No appeal was taken from either order, and the magistrate division's decision was final.

■ Because the magistrate division's orders constitute final orders on the enforceability of the Florida decree, an analysis of collateral estoppel must be addressed. This Court has held that for collateral estoppel to bar the relitigation of an issue determined in a prior proceeding, five factors must be evident: (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *D.A.R., Inc. v.*

*Sheffer*, 134 Idaho 141, 144, 997 P.2d 602, 605 (2000). The enforceability of the divorce judgment was the issue when the magistrate division entered its orders, those orders were final, and that identical issue is raised in this case. Consequently, the second, third, and fourth factors are met.

Mastrangelo acknowledges on appeal that he is in privity with Sandstrom, Inc. and Jodi in connection with the 1992 and 1993 proceedings before the magistrate division; therefore, the fifth element is met. Because the fifth element contemplates that a later party may be in privity with a party in the prior litigation, it follows that, the first element may be satisfied if the party in the prior litigation had a full and fair opportunity to litigate the issue in the prior case. *Duff v. Draper*, 96 Idaho 299, 304, 527 P.2d 1257, 1262 (1974). The record demonstrates that Jodi had a full and fair opportunity to litigate the issue of the divorce judgment's relation to the Lemhi County property before the magistrate division in 1992 and 1993. That case involved Jodi's potential interest in the property. Only if she were found to have some interest in the property that could be traced back to a fraudulent transfer by Sandstrom, Inc., could Mastrangelo conceivably obtain a lien on the property. The Lemhi County property was but one item of property allegedly owned by Sandstrom, Inc. that Mastrangelo might seek to attach. Consequently, Mastrangelo had no distinct interest in the property when the 1992 and 1993 orders were rendered, and Jodi's full and fair opportunity to litigate the issues therein satisfies the first element of the collateral estoppel test.

The fact that Emily was not a party to the 1992 action does not preclude the application of collateral estoppel because, as this Court has previously held, the lack of mutuality of parties is not a bar to the application of collateral estoppel. *Western Indus. and Envtl. Servs., Inc. v. Kaldveer Assocs., Inc.*, 126 Idaho 541, 545, 887 P.2d 1048, 1052 (1994).

We hold that the doctrine of collateral estoppel precludes Mastrangelo from relitigating the issue of whether the divorce decree was entitled to full faith and credit with regard to the Lemhi County property.

**B. There Were No Genuine Issues Of Material Fact, Regarding Mastrangelo's Allegations That Ray Sandstrom Misappropriated Sandstrom, Inc. Funds To Purchase The Lemhi County Property, Sufficient To Preclude Summary Judgment.**

The only evidence in the record related to the allegations contained in Mastrangelo's pleadings—that Ray misappropriated Sandstrom, Inc. funds to purchase the Lemhi County property—is contained in the deposition and trial transcripts attached to the third affidavit of counsel for Mastrangelo. While these transcripts provide argument for some of Mastrangelo's underlying factual allegations, they are insufficient to create genuine issues of material fact with regard to whether the sale of the Sandstrom, Inc. property and the resulting distribution of funds to Ray were actions taken without proper corporate or legal authority.

We find that the district court was correct in holding that the record does not contain sufficient evidence to create genuine issues of material fact with regard to all of the necessary threads to trace the ownership of the property in the manner Mastrangelo urges. The granting of Emily's motion for summary judgment was not error.

**C. The District Court Did Not Err By Denying Mastrangelo's Motion For The Entry Of Default Judgments Against The Remaining Defendants.**

The Lemhi County Clerk entered defaults against the remaining defendants in this case in 1997. On January 11, 2001, the district court denied Mastrangelo's motion for entry of judgments of default against those defendants, including Hoecherl. The district court denied the motion for the same reasons that it granted Emily's motion for summary judgment; therefore, the court essentially found that judgment against Hoecherl and the nonappearing parties was not supported by law.

We agree with the view of the Court of Appeals that the decision as to whether to

**850**

enter default judgment is a matter of discretion for the trial court. *Johnson v. State,* 112 Idaho 1112, 1114, 739 P.2d 411, 413 (Ct. App.1987) (comparing I.R.C.P. 55 to Fed. R. Civ. P. 55); *see also Clear Springs Trout Co. v. Anthony,* 123 Idaho 141, 143, 845 P.2d 559, 561 (1992).

Mastrangelo further argues that the district court abused its discretion in denying his motion for default judgments regarding Emily because those conclusions were erroneous as a matter of law. Because we affirm the district court's decision to grant summary judgment in favor of Emily, there was no abuse of discretion in denying Mastrangelo's motion for entry of judgments of default against the other defendants.

## IV.

### CONCLUSION

The magistrate division's 1992 and 1993 orders constitute final orders regarding the enforceability of the Florida divorce decree as it relates to the real property located in Idaho. The doctrine of collateral estoppel precludes Mastrangelo from relitigating that issue in this case. Additionally, there were no genuine issues of material fact precluding the district court's decision granting Emily's motion for summary judgment. The district court did not abuse its discretion in denying Mastrangelo's motion for entry of judgments of default against Hoecherl and the remaining defendants. The decision of the district court is affirmed. Costs on appeal are awarded to the respondents.

Justices SCHROEDER, WALTERS, EISMANN and Justice Pro Tem JUDD concur.