70 P.3d 685

STATE of Idaho, ex rel., INDUSTRIAL COMMISSION, Plaintiff–Appellant,

v.

BIBLE MISSIONARY CHURCH, INC., of Kuna, Idaho, an Idaho non-profit corporation; Larry Roberts, Treasurer; and Barbara Roberts, Secretary, in their official capacities, Defendants–Respondents.

No. 28317.

Supreme Court of Idaho,
Boise, February 2003 Term.

May 21, 2003.

Hon. Lawrence G. Wasden, Idaho Attorney General for appellant.  Blair D. Jaynes argued.

Robert L. Aldridge, Boise, and Richard S. Owen, Nampa, for respondents.

KIDWELL, Justice.

The Industrial Commission (Commission) sought injunctive relief and imposition of a civil penalty against the Bible Missionary Church (Church) because the Church failed to obtain worker's compensation insurance for its pastor.  The magistrate court granted summary judgment in favor of the Church on the grounds that the Church did not operate for pecuniary gain and was, therefore, exempt from the worker's compensation statutes.  The Commission appealed to the district court, which affirmed the magistrate's decision.  The Commission now appeals to this Court.

The decision of the magistrate is affirmed.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The facts in the record underlying this matter are undisputed.  The Church "employed Jack E. Howard [ (pastor) ] as Pastor from December 1997, to the present date."  Howard was an employee of the Church and the Church "did not have worker's compensation insurance in effect from March 31, 1998 through July 1, 1999."

The Church is funded solely by donations from those who attend its worship services.  The Church does not receive funds from any other source, such as letting space for weddings or other activities, running a daycare, or rummage sales.  While the Church does have guidelines regarding tithing, donations are entirely voluntary.

On September 13, 1999, the Commission filed a suit against the Church in magistrate court seeking a $100.00 civil penalty against the Church for its failure to carry worker's compensation insurance and requesting an order enjoining the Church from further operations with employees until it cured its default under Idaho worker's compensation law.  The Church asserted that it was exempt from the requirements of the law on the ground that its activities were not conducted for the sake of pecuniary gain.

The parties filed cross motions for summary judgment.  The magistrate heard oral argument on December 15, 2000.  On March 5, 2001, the magistrate entered a memorandum decision and order granting summary judgment to the Church.  The magistrate found that the Church was exempt from the requirements of Idaho worker's compensation law pursuant to I.C. § 72–212(6) because the services rendered by the Church were not for the sake of pecuniary gain.  The

Commission appealed the magistrate's decision to the district court. On January 25, 2002, the district court entered its decision and order affirming the magistrate's decision.

The Commission timely appealed to this Court.

## II.

## STANDARD OF REVIEW

■ "When reviewing a decision of a magistrate following an intermediate appeal, this Court independently examines the proceedings in the magistrate division and gives 'due consideration, but not deference, to the [intermediate] court's appellate decision.' " *State v. Suiter,* 138 Idaho 13, 15, 56 P.3d 775, 777 (2002) (quoting *State v. Hammersley,* 134 Idaho 816, 818, 10 P.3d 1285, 1287 (2000)).

■ This Court reviews summary judgment using the same standard as the court that originally ruled on the motion. *Mastrangelo v. Sandstrom,* 137 Idaho 844, 846, 55 P.3d 298, 300 (2002) (citing *Kelso v. Lance,* 134 Idaho 373, 374–75, 3 P.3d 51, 52–53 (2000)). This Court affirms an order granting summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). As to issues of law, this Court exercises free review over the district court's decision. *Mastrangelo,* 137 Idaho at 846, 55 P.3d at 300 (citing *Bouten Constr. Co. v. H.F. Magnuson Co.,* 133 Idaho 756, 760, 992 P.2d 751, 755 (1999)).

## III.

## ANALYSIS

■ The Commission argues that whether one qualifies for the "not for the sake of pecuniary gain" exemption to worker's compensation requirements under I.C. § 72–212(6) depends on whether an employer receives remuneration for services it offers. According to the Commission, the donations received by the Church constitute remunera-

tion for its services; therefore, the Church operates for pecuniary gain and is subject to Idaho worker's compensation law. The Church, on the other hand, argues that it does not offer services for which it expects or requires remuneration and its services are not offered with a business purpose. Thus, the Church contends that it does not operate for the sake of pecuniary gain and is either not engaged in "employment" pursuant to I.C. § 72–204(4) or is exempt from the requirements of worker's compensation law pursuant to I.C. § 72–212(6).

Section 72–203, Idaho Code, states that Idaho worker's compensation law applies "to all private employment. . . ." An employer is one who "has expressly or impliedly hired or contracted the services of another." I.C. § 72–102(12)(a). When engaged in private employment, an employer must secure or insure its potential liability for worker's compensation claims. *See* I.C. § 72–301. *See also* I.C. §§ 72–210 and –319. Employment includes "[a] person performing services in the course of the trade, profession or occupation of an employer," but "only in a trade or occupation which is carried on by the employer for the sake of pecuniary gain. . . ." I.C. §§ 72–204(1) and (4). Section 72–212(6) states that worker's compensation law does not apply to "[e]mployment which is not carried on by the employer *for the sake of pecuniary gain."*

The undisputed facts show that the Church was an "employer" of the pastor, and the pastor performed "services in the course of the trade, profession or occupation of" the Church. *See* I.C. § 72–204(1),(4) and –102(12)(a). This Court must, however, determine whether the Church engaged in its business *"for the sake of pecuniary gain."* I.C. §§ 72–204(4) and –212(6). If the Church employed Howard for "the sake of pecuniary gain," it was engaged in "private employment" requiring it to carry worker's compensation insurance pursuant to section 72–301. *See* I.C. §§ 72–204(4) and –212(6).

■ An employer engages in an occupation or profession "for the sake of pecuniary gain," for purposes of §§ 72–204(4) and –212(6), if the employer supplies a service and receives remuneration for it. *Burrow v.*

*Caldwell Treasure Valley Rodeo, Inc.,* 129 Idaho 675, 677, 931 P.2d 1193, 1195 (1997); *Dewey v. Merrill,* 124 Idaho 201, 205, 858 P.2d 740, 744 (1993); *Modlin v. Twin Falls Canal Company,* 49 Idaho 199, 206, 286 P. 612, 614 (1930). Profit, loss, or an "employer's not-for-profit tax status [are] irrelevant to the determination of whether the employment was carried on by the employer for the sake of pecuniary gain." *Burrow,* 129 Idaho at 676, 931 P.2d at 1195.

It is undisputed that the Church receives money from those who attend its worship services, but is the money received: (1) remuneration; (2) for services? Remuneration refers to the act or fact of "remunerating." WEBSTER'S THIRD INTERNATIONAL DICTIONARY at 1921 (1967). Webster's Third International Dictionary defines "remunerate" as "**1:** to pay an equivalent for (as a service, loss, or expense) **2:** to pay an equivalent to (a person) for service, loss, or expense: RECOMPENSE, COMPENSATE syn see PAY." *Id.* The record in this case shows that the activities of the Church consisted of worship activities on Sunday mornings and Wednesday evenings. The pastor leads the worship activities, but has not performed any weddings, funerals, or other services in addition to leading worship. The Church does not receive any financial support from a district, synod, regional, or national organization. The record neither shows, nor can one reasonably infer that the Church receives funds from any source other than donations collected during its worship activities, such as letting space for weddings or other activities, running a daycare, or rummage sales. The record also reflects that the Church provides its services to anyone who requests them, irrespective of whether that person gives, or has given, any money to the Church.

Even drawing all inferences in favor of the Commission, the undisputed facts show that this Church is not paid an *equivalent* for any *services* or reimbursed an *equivalent* for any losses or expenses. Consequently, based on the record before this Court and the specific facts of this case, this Court cannot say this Church receives remuneration for services or operates "for the sake of pecuniary gain"

within the meaning of sections 72–204(4) and –212(6).

## IV.

## CONCLUSION

The magistrate's order granting summary judgment is affirmed. Costs are awarded to the respondents.

Chief Justice TROUT and Justices SCHROEDER, WALTERS, and EISMANN concur.